IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME W. KOBISHOP,

                    Plaintiff,                              OPINION and ORDER

              v.                                            13-cv-356-bbc

MARINETTE COUNTY SHERIFF'S DEPT. et al,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME W. KOBISHOP,

                    Plaintiff,                              OPINION and ORDER

              v.                                            13-cv-357-bbc

LORI KOBISHOP,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME W. KOBISHOP,

                    Plaintiff,                              OPINION and ORDER

              v.                                            13-cv-358-bbc

LORI KOBISHOP,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1

JEROME W. KOBISHOP,

        Plaintiff,       OPINION and ORDER

    v.              13-cv-359-bbc

MIKE HAUPT and CHAD HOUSTON,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME W. KOBISHOP,

        Plaintiff,       OPINION and ORDER

    v.              13-cv-360-bbc

HARRY WHITE and DAVID MIRON,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME W. KOBISHOP,

        Plaintiff,       OPINION and ORDER

    v.              13-cv-361-bbc

LORI KOBISHOP,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME W. KOBISHOP,

        Plaintiff,       OPINION and ORDER

    v.              13-cv-362-bbc

2

LORI KOBISHOP,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME W. KOBISHOP,

        Plaintiff,               OPINION and ORDER

        v.                   13-cv-363-bbc

MIKE PERRY,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Jerome Kobishop has submitted eight proposed complaints to this court at once. Because plaintiff is proceeding without prepayment of costs under the in forma pauperis statute, 28 U.S.C. § 1915, his complaints must be dismissed if they are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972).

After considering the complaints filed by plaintiff, I will give him a chance to submit amended complaints in case nos. 13-cv-356-bbc and 13-cv-359-bbc that more fully detail his claims. I will dismiss his other six cases for failure to state claims upon which relief may be granted in this court.

Plaintiff raises the following allegations in each of his respective cases.

3

ALLEGATIONS OF FACT

- 13-cv-356-bbc: Various defendants, including the Marinette County Sheriff's Department and staff at the Mendota Mental Health Institute, have harassed, discriminated against, threatened and defamed plaintiff.

- 13-cv-357-bbc: Defendant Lori Kobishop, plaintiff's wife and a nurse at a clinic where plaintiff was a patient, revealed personal medical information about plaintiff, in violation of the Health Insurance Portability and Accountability Act( HIPPA).

- 13-cv-358-bbc: Plaintiff tripped and fell down steps that should have been maintained by defendant Lori Kobishop.

- 13-cv-359-bbc: Plaintiff was treated cruelly by defendant "jailors" Mike Haupt and Chad Houston while plaintiff was detained by the Marinette County Sheriff's Department.

- 13-cv-360-bbc: Defendant Judge Harry White violated plaintiff's rights by ordering a competency examination, and Judge David Miron had a conflict of interest because he had a relationship with plaintiff's wife and his family was close friends with her family.

- 13-cv-361-bbc: Defendant Lori Kobishop filed a false police report stating that plaintiff had broken a restraining order, resulting in plaintiff's arrest.  This caused plaintiff great emotional distress and ultimately physical harm when he was mistreated in prison.

- 13-cv-362-bbc: Defendant Lori Kobishop caused plaintiff emotional pain and suffering from lack of support during their marriage.  She also damaged plaintiff's property.  Plaintiff was forced to leave his job because of the stress.

- 13-cv-363-bbc: Defendant Mike Perry, Lori Kobishop's divorce attorney, has "kept up the fight over nothing" and has misrepresented Wisconsin law in the proceedings, leading to emotional distress for plaintiff while unjustifiably enriching Perry.

4

OPINION

Federal district courts are courts of limited jurisdiction. U.S. Const. art. III, § 2.  This court has subject matter jurisdiction only over actions concerning federal questions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and in cases in which there is diversity of citizenship, 28 U.S.C. § 1332.  The facts that plaintiff alleges in most of his complaints do not raise claims qualifying under either of these standards, so those cases will be dismissed.

In particular, his claims against his wife (or ex-wife; it is unclear from plaintiff's filings whether his divorce proceedings are final) and his wife's attorney are at best, state law claims or issues that belong in his divorce proceedings.  Although there is no question that plaintiff's divorce appears to be taking a very real and understandable emotional toll on him, nothing in his pleadings suggests that diversity jurisdiction might be present in any of his cases.  Therefore, he cannot bring those claims in this court.  In addition, he is barred from bringing a claim under federal HIPAA law against Lori Kobishop because HIPAA does not create a private cause of action or an enforceable right for purposes of a federal lawsuit. Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010); Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010).

As to the claims against other defendants, plaintiff cannot bring federal claims against state court judges.  The doctrine of judicial immunity establishes the absolute immunity of judges from liability for their judicial acts, even when they act maliciously or corruptly.  Mireles v. Waco, 502 U.S. 9 (1991).  This immunity is not for the protection or

5

benefit of a malicious or corrupt judge, but for the benefit of the public, which has an interest in a judiciary free to exercise its function without fear of harassment by unsatisfied litigants. Pierson v. Ray, 386 U.S. 547, 554 (1967); see also Forrester v. White, 484 U.S. 219, 225 (1988) (observing that judicial immunity discourages inappropriate collateral attacks and protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants) (citing Bradley v. Fisher, 13 Wall. 335, 348 80 U.S. 335 (1872)).

That leaves cases nos. 13-cv-356-bbc and 13-cv-359-bbc, in which plaintiff alleges that Marinette County Sheriff's Department and Mendota Mental Health Institute staff have harassed him, "treated him cruelly" and discriminated against him. These types of claims may be heard in this court under 42 U.S.C. § 1983. (Generally, proving liability under § 1983 requires the plaintiff to prove both that the defendant acted under color of state law and violated a constitutional right of the plaintiff. Burrell v. City of Mattoon, 378 F.3d 642, 647 (7th Cir. 2004).) However, I cannot tell from plaintiff's allegations in these cases what his actual claims are. The allegations are extremely vague, so much so that his pleadings violate Federal Rule of Civil Procedure 8.

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." The primary purpose of this rule is rooted in fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775 (7th Cir. 1994)

(citations omitted).  Plaintiff's vague allegations do not give the defendants named in these cases adequate notice of what he contends they did to violate his rights.  However, because plaintiff may be able to correct the pleading problems, he will be given an opportunity to file an amended complaint in each case to correct the Rule 8 problem.  Plaintiff should draft each amended complaint as if he were telling a story to people who know nothing about his situation.  This means that someone reading the complaint should be able to answer the following questions:

- What are the facts that form the basis for plaintiff's claims?

- What actions did each defendant take that violated plaintiff's rights?

- What rights does plaintiff believe were violated?

- What relief does plaintiff want the court to provide?

Should plaintiff fail to submit amended complaints by the deadline set below, I will direct the clerk of court to enter judgment in favor of defendants and close the cases.


ORDER

IT IS ORDERED that

1.  Plaintiff  Jerome Kobishop is DENIED leave to proceed in case nos. 13-cv-357-bbc, 13-cv-358-bbc, 13-cv-360-bbc, 13-cv-361-bbc, 13-cv-362-bbc and 13-cv-363-bbc, and these cases are DISMISSED for plaintiff's failure to state a claim upon which relief may be granted in this court.

2.   Plaintiff's complaints in case nos. 13-cv-356-bbc and 13-cv-359-bbc are

7

DISMISSED for violating Fed. R. Civ. P. 8.  Plaintiff may have until August 12, 2013 to submit amended complaints in these cases.  If plaintiff fails to submit amended complaints by August 12, I will direct the clerk of court to enter judgment for defendants and close those cases.

Entered this 24th day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge